UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL J. ROBBINS,

        Plaintiff,

        v.

PORTLAND AIRPORT (PDX), TSA,

        Defendants.

Case No. 3:25-cv-00760-YY

FINDINGS AND RECOMMENDATIONS

**FINDINGS**

*Pro se* plaintiff Michael J. Robbins has filed a complaint against Portland Public Airport and TSA. The court granted plaintiff's application to proceed in forma pauperis (IFP) (ECF 1) and ordered plaintiff to file an amended complaint asserting a valid claim for relief by June 13, 2025, admonishing him that the case would be dismissed if he failed to do so. Plaintiff has not filed an amended complaint and his case should be dismissed.

The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." FED. R. CIV. P. 8(a). "Rule 8 does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In addition to determining whether the complaint states a claim for relief, this court has a continuing obligation to determine whether it has subject-matter jurisdiction over a case. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiff alleges that this court has jurisdiction over his case because it involves a question of federal law and cites O.R.S. 163.415. First, O.R.S. 163.415 is an Oregon criminal statute pertaining to the crime of sexual abuse in the third degree. Second, even if plaintiff had cited to a federal criminal statute, courts have "rarely implied a private right of action under a criminal statute," and where they have done so, " there was at least a statutory basis for inferring

2 – FINDINGS AND RECOMMENDATIONS

that a civil cause of action of some sort lay in favor of someone." *Stiles v. Kahn, et al*, 3:23-cv-00577-YY (Findings and Recommendations, May 16, 2023) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see also Garcia v. Jones*, No. 6:22-CV-00118-AA, 2022 WL 2754853, at *7 (D. Or. July 14, 2022) ("To the extent that Plaintiff's allegations of fraud, stalking, money laundering, and tampering with evidence assert violations of federal criminal statutes, such statutes do not generally create a private right of action or provide a basis for civil liability.") (citing *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020)).

Plaintiff has cited no other legal basis to support his complaint. Plaintiff was advised of the deficiencies in his complaint and directed to file an amended complaint by June 13, 2025, or his case would be dismissed. Plaintiff failed to file an amended complaint.[1] Therefore, this case should be dismissed without prejudice.

## RECOMMENDATIONS

Plaintiff's case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Thursday, July 03, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

---

[1] Mail sent to plaintiff was also returned as undeliverable. *See* LR 83-10 (indicating every self-represented party has a continuing responsibility to notify the Clerk's Office of an address change).

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED June 16, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
